**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>    v.<br><br>EMMANUEL SAUCEDA,<br><br>                           Defendant. | Case No. 17-cr-02204-BAS-3<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**<br>**(ECF No. 249)** |

On October 29, 2018, the Court sentenced Mr. Sauceda to 84 months in custody, of which he has served approximately 27 months. (ECF No. 193.) Mr. Sauceda now moves to reduce his sentence to time served because his medical conditions place him at severe risk if he were to contract COVID-19. (ECF No. 249 ("Defendant's Motion").) The Government opposes. (ECF No. 252 ("Government's Response").) For the reasons stated below, the Court **DENIES** Mr. Sauceda's request.

**I.    BACKGROUND**

In this case, Mr. Sauceda, who is 38 years old, pled guilty to conspiracy to distribute methamphetamine. (Presentence Report ("PSR"), ECF No. 119.) He admitted making three separate deliveries of methamphetamine: one for five pounds, one for one pound, and then on April 21, 2016, he delivered 447 grams of methamphetamine for $2600. (PSR ¶¶ 15–20.) He claimed he needed the money to support his cocaine addiction. (PSR ¶ 21.)

In fact, this is the second time Mr. Sauceda has been convicted of smuggling drugs. In 2013, he was convicted of importing a controlled substance for which he received a three-year deferred prosecution agreement. (PSR ¶ 44.) The case was dismissed after successful completion of his deferred prosecution agreement on April 16, 2016. Five days later he was arrested delivering the 447 grams of methamphetamine in this case. (*Id.*) He also has prior convictions for misdemeanor vandalism (spray painting "BST" for Barrios Small town, a criminal street gang in Anaheim), engaging in a speed contest, and DUI. (PSR ¶¶ 41–45.) He was on probation for the DUI at the time he committed the instant offense.

While he was on pretrial release, Mr. Sauceda repeatedly tested positive for cocaine and eventually was remanded into custody. (ECF Nos. 169, 207.) Although he is clearly obese, he has lost 100 pounds while he has been in custody. (Defendant's Motion, Exh. A.) He also suffers from diabetes and high blood pressure but has refused to take the medications recommended to him by the Bureau of Prisons ("BOP") medical staff for these conditions. (*Id.*)

Mr. Sauceda is being held at Lompoc USP. The Government details the extraordinary measures the BOP has taken both at Lompoc FCI and Lompoc USP, which has taken several of the positive inmates from Lompoc FCI for quarantining purposes. (Government's Response.) However, Mr. Sauceda is being transferred to a higher security facility at FCI La Tuna due to his participation in two recent security incidents. (*Id.*) Lompoc USP currently has 45 positive inmates and 5 positive staff members; Lompoc FCI, having transferred its positive inmates to Lompoc USP, has 0 positive inmates and 1 positive staff member, and La Tuna FCI currently has 17 positive inmates and 4 positive staff members. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited January 5, 2021).

There seems to be some question as to what steps Mr. Sauceda took to exhaust his administrative remedies in this case. He claims he made a request to the Warden for compassionate release in August 2020 and that the Warden never responded to this request. (Defendant's Motion.) However, the proof he attaches simply "acknowledges the receipt

of the regional appeal," which is "combined (procedures, evidence and sanctions." (Defendant's Motion, Exh. B.) It makes no reference to a request for compassionate release.

The Government claims that Mr. Sauceda filed a "request for administrative remedy" on September 4, 2020, which was denied on October 12, 2020. (Government's Response.) There is no suggestion that Mr. Sauceda appealed this denial.

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, Mr. Sauceda must fully exhaust his administrative remedies from the Warden of the facility where he is being housed before he turns to the Court for relief.

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapses and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

In this case, there is some ambiguity as to when Mr. Sauceda filed any request for compassionate release, when and whether the Warden acted on Mr. Sauceda's compassionate release request, and whether Mr. Sauceda was required to appeal any denial of the request. However, the Government may waive any exhaustion requirement by

asking the court to consider the substantive merits of a defendant's motion. *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 533 (S.D.N.Y. 2020). Because the Government, in its Opposition, addresses only the substantive merits of the Motion, the Court finds the Government has waived any exhaustion requirement.

### B. Extraordinary and Compelling Circumstances

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Mr. Sauceda argues that extraordinary and compelling reasons exist for his release because he has hypertension, diabetes and is obese. (Defendant's Motion.) The Centers for Disease Control and Prevention ("CDC") reports that "COVID-19 is a new disease. Currently there are limited data and information about the impact of many underlying medical conditions and whether they increase the risk for severe illness from COVID-19." *See* CDC, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020). That said, "[b]ased on what we know at this time," it appears that people with a BMI of over 30 and thus with type 2 diabetes "are at increased risk of severe illness from the virus that causes COVID-19." (*Id.*) Additionally, it appears that adults with hypertension or high blood pressure "might be at an increased risk for severe illness from the virus that causes COVID-19." *Id.*

The Government does not contest that Mr. Sauceda is at higher risk were he to contract COVID-19. Additionally, he is being housed at facilities where the numbers of infected inmates make contracting the virus a real possibility. Therefore, the Government concedes that extraordinary and compelling circumstances may support his request for

release. However, the Government argues that such a release would not comport with the factors set forth in Section 3553(a) or the policy statements issued by the Sentencing Commission.

### C.      Section 3553(a) Factors

First, the nature and seriousness of the offense militates against releasing Mr. Sauceda when he has only served 27 months of his 84 month sentence. The offense involved conspiracy to distribute a substantial amount of methamphetamine. Additionally, this is not Mr. Sauceda's first brush with the law, nor is it the first time he has been caught smuggling drugs. Additionally, he clearly has a serious addiction issue. He was unable to follow the Court's orders to attend drug treatment and remain sober while he was on pretrial release, and eventually was remanded into custody for his repeated violations of the Court's orders. The Court has no reason to believe that Mr. Sauceda would fare better were he released today. Finally, releasing Mr. Sauceda this early in his sentence would create unwarranted disparities with the sentences of other defendants, would not provide just punishment, and would not promote respect for the law. Therefore, the Court agrees that the Section 3553(a) factors militate against releasing Mr. Sauceda.

## III.   CONCLUSION

Because the Section 3553(a) factors do not support releasing Mr. Sauceda, his Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. (ECF No. 249.)

**IT IS SO ORDERED.**

**DATED: January 5, 2021**

Hon. Cynthia Bashant
United States District Judge